**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

OCT 13 2026

FILED

TREVOR GRAY, *
*
Plaintiff, *
*
v. * CV 126-205
*
TRAVELERS PERSONAL INSURANCE COMPANY, *
*
*
Defendant. *

**O R D E R**

Plaintiff filed this action in the Superior Court of Columbia County, Georgia, alleging breach of contract and bad faith, and Defendant filed a Notice of Removal on October 7, 2026, asserting diversity of citizenship and an amount in controversy that exceeds $75,000. (Doc. 1, at 2-3; doc. 1-1, at 7-14.) There is no specific amount of damages claimed in the Complaint. (See generally doc. 1-1.) Rather, Plaintiff generally claims to have suffered physical damage to the property at issue in an amount not exceeding $74,999 and also seeks bad faith penalties and attorney's fees. (Id. at 4-7, 9-14.)

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). If the amount is not facially

apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. Further, the burden of proving the jurisdictional amount lies with removing defendants. Id.

Here, Plaintiff does not request a specific amount of damages in the Complaint and indeed disavows that the physical damage to the property exceeds $75,000. (See doc. 1-1, at 7.) Defendant asserts the amount in controversy exceeds $75,000 but does not explain why. (See doc. 1, at 3.) Thus, it is not facially apparent from the pleadings that Plaintiff's claims exceed $75,000.

"[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Although a defendant need not "banish all uncertainty about" the amount in controversy, it must provide, at a minimum, specific factual allegations that, when "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations," allow the Court to conclude that the amount in controversy is satisfied, and the Court's analysis "focuses on how much is in controversy at the time of removal, not later." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Accordingly, the Court **ORDERS** Defendant to provide sufficient

evidence within fourteen days of the date of this Order that the jurisdictional amount is in controversy.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of October, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA